# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION

Docket No. 60-5-17 Vtec

---

Highridge/Ridgetop PUD Renewal

---

## ENTRY REGARDING MOTION

Count 1, Municipal Planning Commission (60-5-17 Vtec)

Title:          Motion to Amend or Alter 6/6/19 Judgment Order (Motion 5)

Filer:          Highridge Condominium Homeowners' Association

Attorney:       Judith L. Dillon

Filed Date:     July 2, 2019

Response filed on 07/08/2019 by Attorney Andrew H. Maass for Applicant Killington/Pico Ski Resort Partners

**The motion is GRANTED.**

Killington/Pico Ski Resort Partners, LLC, ("KPSRP" or "Applicant") owns the development rights for the unbuilt portions of Highridge and Ridgetop, two adjacent developments near the Killington Ski Resort in Killington, Vermont. KPSRP is the successor in interest to the original developer, who obtained planned unit development ("PUD") approval from the Town of Killington for the two developments in 1988. The original developer started, but did not finish, the planned development before the original PUD approval expired. See Highridge Condo. Owners Ass'n, 2014 VT 120, ¶¶ 1, 25, 198 Vt. 44. KPSRP later acquired the rights and has since renewed and extended the PUD approval a number of times.

In the decision that gave rise to the present matter, the Town of Killington Planning Commission ("Planning Commission") approved KPSRP's application to once again renew the approval for the Highridge and Ridgetop PUD. The Highridge Condominium Homeowners' Association ("Highridge") appealed this determination to the Court.

The Court held a two-day trial, spanning November 28 and 29, 2018. The Court then issued a Decision on the Merits, with an accompanying Judgment Order, on June 6, 2019 (referred to here as the "Original Decision" and "Original Judgment Order," respectively). See Highridge/Ridgetop PUD Renewal, No. 60-5-17 Vtec (Vt. Super. Ct. Envtl. Div. June 6, 2019) (Durkin, J.). The Original Decision and Judgment Order approved KPSRP's PUD renewal with certain conditions.

Presently before the Court is Highridge's motion to alter or amend Conditions 3 and 4 of the Original Judgment Order and, by extension, the matching Conditions 3 and 4 in the Conclusions of Law section of the Original Decision. Highridge asserts that a change is necessary to better align the Conditions with the discussion in the Original Decision and to clarify that the obligations imposed by the Conditions are directed at KPSRP, not at Highridge itself.[1] KPSRP does not contest Highridge's suggested revisions but asks that we specifically identify KPSRP and its successors as the "Applicant" referred to in the Conditions.

This Court considers motions to alter or amend under the standards inherent to V.R.C.P. 59(e). See In re Musto Constr. Permit, No. 132-7-09 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Mar. 10, 2011) (Wright, J.) (citing Drumheller v. Drumheller, 2009 VT 23, ¶ 28, 185 Vt. 417). While motions to amend should be granted sparingly, there are select circumstances where they can be a useful mechanism for correcting inaccuracies or lack of clarity in a judgment. In re Zaremba Grp. Act 250 Permit, No. 36-3-13 Vtec, slip op. at 1-2 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.) (citations omitted) (stating that the Court may grant a motion to amend "to correct manifest errors of law or fact").

We have previously considered amendment appropriate where it clarified a condition of the original decision. See, e.g., In re McCullough Crushing, Inc. A250 Expansion, No. 3-1-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Feb. 16, 2017) (Walsh, J.).

Because we agree that Conditions 3 and 4 could be misconstrued as written, we conclude that the present circumstances warrant an amendment in the name of clarity. The discussion in our Original Decision makes it clear that Conditions 3 and 4 were meant to impose obligations on KPSRP. See Highridge/Ridgetop PUD Renewal, No. 60-5-17 Vtec at 9-11, 21 (June 6, 2019). Defining the subject of these responsibilities as "[t]he Highridge section of the PUD" could be construed to place the onus on Highridge. Therefore, Highridge's motion to alter the Original Decision and Judgment Order is **GRANTED** for the limited purpose of rewording and clarifying the Conditions.

We consider Highridge's proposed revisions clear, concise, and accurate. KPSRP does not dispute Highridge's recommendations. Accordingly, we will issue an Altered Decision on the Merits and Altered Judgment Order reflecting the changes essentially as proposed. The reworked Conditions 3 and 4 shall read as follows:

> 3. Prior to any construction on the Highridge section of the PUD, the Applicant shall apply for and receive Site Plan Review approval and a zoning permit. The Applicant

---

[1] As stated in the Original Judgment Order, Conditions 3 and 4 provide that:

> 3. The Highridge section of the PUD shall be required to receive Site Plan Review approval prior to the issuance of any Zoning Permits for construction reviewed and approved in conformance with our PUD approval. The application for that future Site Plan Review Approval shall detail all additional or modified landscaping, building siting, traffic, parking and other necessary provisions.

> 4. The Highridge section of the PUD shall also be required to receive an updated ANR water supply and wastewater treatment permit prior to the commencement of construction of the remaining Highridge units.

shall detail all additional or modified landscaping, building siting, traffic, parking, and other necessary provisions for any required Site Plan Review and zoning permit approval.

4. The Applicant shall apply for and receive updated ANR water supply and wastewater treatment permits for the Highridge section of the PUD prior to the commencement of construction of the remaining Highridge units.

These altered Conditions shall supersede the prior Conditions. The changes outlined here implicate page 27 of the Decision and page 1 of the Judgment Order.

Though not requested, for Condition 5 we singularize "Applicants" to "Applicant" for consistency and accuracy. We do not reiterate that the term "Applicant" is used in the Conditions to designate KPSRP because the Decision and Judgment Order already make that clear.

We also note that the time period defined in Condition 1, which sets the term of the PUD approval at four years, is not reset by this Entry Order. The four years shall continue to run from the date of the Original Decision: June 6, 2019. We adjust Condition 1 to reflect this, rewriting the Condition to state: "This PUD approval is valid for four years and shall expire four years after this Court's original PUD approval Decision became final on June 6, 2019."

Other than the addition of footnotes that signal the changes described above, this Order results in no other alterations to the Original Decision and Judgment Order. An Altered Decision on the Merits and Altered Judgment Order accompany this Entry Order. With this, the matter is concluded before the Court.

**So Ordered.**

Electronically signed on August 08, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Judith L. Dillon (ERN 5040), Attorney for Appellant Highridge Condominium Homeowners' Association

Andrew H. Maass (ERN 1076) and Erin Gilmore (ERN 1593), Attorneys for Applicant Killington/Pico Ski Resort Partners

Kevin E. Brown (ERN 3578), Attorney for the Town of Killington

Interested Person Ridgetop Landowners Association

Ely A. Kirschner (FYI Purposes only)